NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2021
Decided October 7, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-3237

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16CR00251-018 |
| CHRISTIAN CHAPMAN, *Defendant-Appellant*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Christian Chapman was one of 18 defendants charged in a large-scale drug importation and distribution ring in the Indianapolis area. After his initial guilty plea and 300-month prison sentence were vacated on appeal, *see United States v. De La Torre*, 940 F.3d 938, 949–50 (7th Cir. 2019), he pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court imposed a 137-month term of imprisonment and five years of supervised released.

Chapman appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and discusses the potential issues that an appeal like this would be expected to involve. Because her analysis appears thorough, and Chapman has not responded to the motion, *see* CIR. R. 51(b), we limit our review to the potential issues she identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

First, counsel appropriately rejects two potential arguments because Chapman does not wish to pursue them: (1) that his guilty plea was not knowing and voluntary, and (2) that conducting his combined change-of-plea and sentencing hearing by videoconference violated the Federal Rules of Criminal Procedure. *See* FED. R. CRIM. P. 43 (requiring a defendant to be "present" at plea and sentencing). After counsel consulted Chapman about each of these arguments and advised him of the risks and benefits of raising them, he responded that he wishes neither to withdraw his plea nor to be resentenced in person. (Chapman, who is housed in Kentucky and has medical conditions that increase his risk of complications from COVID-19, likely could not travel without increasing his exposure.) We have long held that counsel seeking to withdraw should not discuss challenges to a conviction by guilty plea unless the defendant wishes to withdraw his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We have not said the same with respect to a Rule 43 challenge, but, based on the principle that "[a]ppellate lawyers are not obliged to raise issues that could boomerang on their clients," *Konzcak*, 683 F.3d at 349, we will accept counsel's representation that Chapman does not want to argue for an in-person sentencing hearing.

Counsel next considers challenges to Chapman's prison sentence, beginning with potential procedural errors. Because Chapman did not challenge any aspect of the calculation of the applicable range under the Sentencing Guidelines, we would review, at most, for plain error. *See United States v. Patterson*, 872 F.3d 426, 438 (7th Cir. 2017).

First, counsel evaluates whether Chapman could challenge the drug amount— 2.5 kilograms—used to determine his base offense level of 32 under §§ 2D1.1(a)(5) and (c)(4). According to the presentence investigation report, Chapman admitted to receiving five deliveries of methamphetamine, each weighing .5 to 1.5 pounds, from his coconspirators. This evidence sufficed to prove by a preponderance of the evidence that Chapman possessed at least 1.5 kilograms, the minimum needed to trigger his offense level. *See United States v. Redmond*, 667 F.3d 863, 875 (7th Cir. 2012). Counsel is correct that it would be frivolous to argue otherwise. And based on the evidence supporting the drug quantity, counsel also concludes that the sentence complies with statutory

requirements, which establish a minimum of ten years and a maximum of life in prison for possessing .5 kilograms or more of methamphetamine. 21 U.S.C. §§ 841(b)(1)(A). Because there is sufficient evidence that Chapman possessed at least 1.5 kilograms, it would be frivolous to argue that his sentence of 137 months violated the law.

Next, counsel considers and rightly decides against challenging the district court's decision to increase Chapman's offense level by two because "a dangerous weapon (including a firearm) was possessed." *See* U.S.S.G. § 2D1.1(b)(1). Chapman did not dispute that police officers found three firearms in his home, where he also kept a supply of methamphetamine, including 19 grams he threw on the floor when officers arrived for the search. He therefore had to show that it was "clearly improbable" that the guns were connected to his drug offenses. *See United States v. Morris*, 836 F.3d 868, 872 (7th Cir. 2016). Because there is a presumption that firearms found in close proximity to drugs are connected to the drug offense, *see United States v. Thurman*, 889 F.3d 356, 372 (7th Cir. 2018), and Chapman offered no evidence to rebut this presumption, it would be frivolous to argue that the two-level increase was plainly erroneous.

Counsel also explains that the government had broad discretion not to ask the district court to subtract a third point for acceptance of responsibility because Chapman pleaded guilty shortly before trial. *See* U.S.S.G. § 3E1.1(b); *United States v. Nurek*, 578 F.3d 618, 624–25 (7th Cir. 2009). The Sentencing Guidelines provide that such a reduction is possible only "upon motion of the government" and that "[t]he timeliness of the defendant's acceptance of responsibility is a consideration." U.S.S.G. § 3E1.1 cmt. n.6. Given the government's decision, it would be frivolous to contend that the district court erroneously calculated the offense level without an additional reduction.

Next, we agree with counsel that it would be frivolous to challenge the substantive reasonableness of Chapman's sentence. Here, the 137-month prison sentence falls within the range of 121 to 151 months under the Guidelines, and so we would presume it to be reasonable. *See United States v. Jarigese*, 999 F.3d 464, 471 (7th Cir. 2021). Counsel cannot identify any error in the district court's weighing of the sentencing factors of 18 U.S.C. § 3553(a) that could rebut this presumption given the court's thorough explanation of its choice of a mid-range sentence.

Finally, counsel explains why a challenge to the district court's imposition of a five-year term of supervised release would be frivolous: The district court was required by statute to impose that term. 21 U.S.C. §§ 841(b)(1)(A)(viii), 846.

We GRANT counsel's motion to withdraw and DISMISS the appeal.